Per Curiam.
We are of the opinion that the judgment appealed from should be affirmed, upon the opinion of Mr. Justice Donohue, who tried the case in the court below.
None of the exceptions taken to the admission of evidence seem to be well founded.
The exclusion of the evidence of the plaintiff as to transactions with Bernstein, he being dead, was proper. It being conceded that the defendant claimed through Bernstein, and he being dead, § 829 Code Civ. Pro., made the plaintiff an incompetent witness to prove any transactions had between himself and Bernstein.
The objection to the admission of the check and stub of the check book of Mr. Flanagan was made too late; the check and stub had some time before been read in evidence without objection, and no motion was made to strike them out.
It is, therefore, not necessary to consider the question whether the objection would have been well founded if taken in time.
The objection that conversations between the plaintiff and defendant were not admissible, upon the ground that they were private, and a secret of the marriage, has no foundation in view of the rights of property conferred by law upon married women; nor is the exception to the receipt of Mr. Flanagan; upon receipt of the note of $3,000, well founded.
The defendant had a right to show what was done with the notes she received; and even if she did not have that right, the receipt in question could in no way whatever prejudice the plaintiff.
The judgment appealed from should be affirmed, with costs.